# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VETSAM BIOPHARMA, INC., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 19-2267-CM-KGG |
| ENSO DISCOVERIES, LLC, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER ON MOTION TO STAY

Now before the Court is the Motion to Stay Discovery (Doc. 22) filed by Defendant Kansas Regenerative Medicine Center, LLC (hereinafter "Defendant"). Having reviewed the submissions of the parties, Defendants' motion is **DENIED** for the reasons set forth below.

## FACTUAL BACKGROUND

Defendant is a stem cell treatment center providing adult stem cell therapy treatments. Plaintiff contends that Defendant's process directly infringes the treatment methods claimed in a patent held by Plaintiff, the "'202 Patent." (Doc. 1, at 14, 20.)

Defendant moves the Court for an Order stay of the present action while awaiting the resolution of a later-filed patent infringement case Plaintiff brought in the Central District of California against California Stem Cell Treatment Center,

1

another clinic performing stem cell treatments, ***VetStem Biopharma, Inc. v. California Stem Cell Treatment Center, Inc.***, No. 19-4728 (hereinafter "the California case"). Defendant argues that allowing the California case "to proceed with [sic] promote judicial economy and ultimately, save the Court, counsel and parties time and resources by deciding identical issues in a single action." (Doc. 23, at 1.)

## **ANALYSIS**

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). This power is part of the Court's inherent power to control its docket. ***Ed Tobergte Assocs. Inc. v. Zide Sport Shop of Ohio, Inc.***, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) (citation omitted).

That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). For instance, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. ***McCoy***, 2007 WL 2071770, at *2.

As discussed above, there is an allegedly similar case pending in the Central District of California against California Stem Cell Treatment Center, another clinic performing stem cell treatments, ***VetStem Biopharma, Inc. v. California Stem Cell Treatment Center, Inc.***, No. 19-4728. Defendant contends that the "first-to-file" rule validates staying the proceedings in the present action.

> Federal courts have developed a general rule to apply to situations in which essentially the same issues and litigants are involved in two substantially identical causes of action before federal courts in different districts. The first-to-file rule provides that the court where jurisdiction first attaches should make the determination of the appropriate venue to decide the case, and the second court will decline to act until proceedings in the first court terminate. *See* ***Cessna Aircraft Co. v. Brown***, 348 F.2d 689, 692 (10th Cir.1965); *see also* ***Hospah Coal Co. v. Chaco Energy Co.***, 673 F.2d 1161 (10th Cir.1982); ***Custom Energy, LLC v. Liebert Corp.***, No. Civ. A. 98–2077–GTV, 1998 WL 295610 (D.Kan. June 2, 1998).

***Tobergte Assocs.***, 83, F.Supp.2d at 1198.

Although the present action was filed before the California action (yet on the same day), Defendant argues that this case should be stayed "because … the equities and principals of judicial economy underlying the first to file rule weigh in favor of allowing resolution of the California Action before proceeding with the claims against KRMC." (Doc. 23, at 2.) More specifically, Defendant continues that

> (1) the Plaintiff is asserting identical claims in both suits;
> (2) Defendant KRMC is postured substantially similar to

> the Defendant in the California Action; and (3) judicial
> economy will be served by allowing the California
> Action to proceed. Finally, and perhaps most
> importantly, the parties in the California Action are the
> larger and more important 'players' in this dispute, and
> fairness and equity favor having those parties be the ones
> that spend the money and time to first decide the issues
> of infringement and validity of the patent in question,
> before a small Kansas company is required to defend a
> costly claim, the defense of which could, simply
> by virtue of the cost of defense, put it out of business.

(Doc. 23, at 2.)

Plaintiff responds that

> [Defendant] fails to provide any basis for finding that a
> stay will promote judicial economy (which it will not) or
> avoid inconsistent results (which it cannot). Further, it
> wholly fails to consider the prejudice to [Plaintiff] that
> would result. Because resolution of the California case
> cannot obviate the need for [Plaintiff] to seek redress in
> this District for [Defendant's] infringement, the effect of
> a stay is simply to deprive [Plaintiff] of availing itself of
> this Court to assert its well-earned patent rights.
> Finally, [Defendant] fails to provide any basis for
> finding undue hardship caused by [Defendant] having to
> defend itself *in its home District for its own actions*
> constituting infringement. To the contrary, [Defendant's]
> website and recent expansion into a second facility
> establish that [Defendant] has earned significant revenue
> from its infringing conduct.

(Doc. 27, at 9-10 (emphasis in original).) According to Plaintiff, a comparison of the competing interests on this issue weighs in Plaintiff's favor – and toward denial of Defendant's motion. (*Id.*, at 10.) Defendant replies that a stay is justified because allowing this case to move forward is wasteful and "a stay will prevent the

4

possibility of inconsistent rulings" between the California and Kansas cases. (Doc. 29, at 2.)

The Court agrees with Plaintiff. The litigants are not identical – Defendant is not a party to the California case. The California case will not necessarily determine the present litigation in Kansas. Defendant has cited no authority for the proposition that this Court should impose the cost of litigating a related issue on an out-of-district defendant because it is a "larger" and more important "player" in the dispute. Further, Defendant has failed to establish that it would be unduly prejudiced by being required to defend the present case in its home district. The interests of judicial economy and prejudice to the parties do not weigh in favor of a stay of this litigation. As such, Defendant's Motion (Doc. 22) is **DENIED**.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Stay (Doc. 22) is **DENIED**.

IT IS SO ORDERED.

Dated this 17th day of December, 2019 at Wichita, Kansas.

                     S/ KENNETH G. GALE
                     HON. KENNETH G. GALE
                     U.S. MAGISTRATE JUDGE